UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MITCHELL C. HAGEWOOD, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:24-CV-381-TLS |
| FRANK BISIGNANO, Commissioner of the Social Security Administration, | |
| Defendant. | |

**OPINION AND ORDER**

The Plaintiff Mitchell C. Hagewood seeks review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits. For the reasons set forth below, the Court finds that substantial evidence supports the ALJ's decision and that there is no basis for remand.

**PROCEDURAL BACKGROUND**

On February 2, 2022, the Plaintiff filed an application for disability insurance benefits, alleging disability beginning on January 28, 2022. AR 219, ECF No. 8. After the claim was denied initially and on reconsideration, the Plaintiff requested a hearing, which was held before the ALJ on August 9, 2023. AR 48, 105, 116. On September 8, 2023, the ALJ issued a written decision, finding the Plaintiff not disabled, and the Appeals Council denied review. AR 1–6, 26–47. Thus, the ALJ's decision is the final decision of the Commissioner. *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). The Plaintiff now seeks judicial review under 42 U.S.C. § 405(g). On September 11, 2024, the Plaintiff filed a Complaint [ECF No. 1] in this Court, seeking reversal of the Commissioner's final decision. The Plaintiff filed an opening brief, the Commissioner filed a response brief, and the Plaintiff filed a reply brief. ECF Nos. 13, 19, 22.

**THE ALJ'S DECISION**

For purposes of disability insurance benefits, a claimant is "disabled" if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a). To be found disabled, a claimant must have a severe physical or mental impairment that prevents him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1505(a). An ALJ conducts a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. § 404.1520.

The first step is to determine whether the claimant is no longer engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i), (b). In this case, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since January 28, 2022, the alleged onset date. AR 31. At step two, the ALJ determines whether the claimant has a "severe impairment." 20 C.F.R. § 404.1520(a)(4)(ii), (c). Here, the ALJ determined that the Plaintiff has the severe impairments of cervical spondylosis, lumbar spondylosis, chronic pain syndrome, cervical degenerative disk disease with radiculopathy, lumbar degenerative disk disease and spondylosis, bilateral carpal tunnel syndrome, bilateral ulnar neuropathies, obesity, and hearing loss. AR 31.

Step three requires the ALJ to consider whether the claimant's impairment(s) "meets or equals one of [the] listings in [appendix 1 to subpart P of part 404 of this chapter]." 20 C.F.R. § 404.1520(a)(4)(iii), (d). If a claimant's impairment(s), considered singly or in combination with other impairments, meets or equals a listed impairment, the claimant will be found disabled without considering age, education, and work experience. *Id.* § 404.1520(a)(4)(iii), (d). In this

case, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listing. AR 34.

When a claimant's impairment(s) does not meet or equal a listing, the ALJ determines the claimant's "residual functional capacity" (RFC), which "is an administrative assessment of what work-related activities an individual can perform despite [the individual's] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001); *see also* 20 C.F.R. § 404.1520(e). In this case, the ALJ assessed the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that he should never climb ladders, ropes, or scaffolds and he can only occasionally climb ramps and stairs, balance as defined in the SCO of the DOT, stoop, kneel, crouch, and crawl. He can engage in frequent handling, fingering, and feeling, bilaterally. He also needs to avoid concentrated exposure to hazards, such as unprotected heights and moving mechanical parts, and he should avoid concentrated exposure to vibration. He is further limited to working in an environment with no more than a moderate noise level, as defined in the SCO. He also requires a cane for ambulation but he is able to use the contralateral upper extremity to lift and carry up to the weight limitations for sedentary work.

AR 35.

The ALJ then moves to step four and determines whether the claimant can do his past relevant work in light of the RFC. 20 C.F.R. § 404.1520(a)(4)(iv), (f). In this case, the ALJ found that the Plaintiff is unable to perform any past relevant work. AR 39. If the claimant is unable to perform past relevant work, the ALJ considers at step five whether the claimant can "make an adjustment to other work" given the RFC and the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v), (g). Here, the ALJ found that the Plaintiff is not disabled because the Plaintiff can perform significant jobs in the national economy of order clerk, maintenance scheduler, and repair order clerk. AR 40. The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885–86 (7th Cir. 2001); *see also* 20 C.F.R. § 404.1512.

**STANDARD OF REVIEW**

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, a court considers whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision if it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a "critical review of the evidence," and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez*, 336 F.3d at 539 (citations omitted); *see also Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014) ("A decision that lacks adequate discussion of the issues will be remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (cleaned up). However, "if the Commissioner commits an error of

law," remand is warranted "without regard to the volume of evidence in support of the factual findings." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

## ANALYSIS

In this appeal, the Plaintiff argues that the ALJ failed to consider in her residual functional capacity (RFC) assessment his limitations—stemming from depression and ADHD—in the functional areas of "understanding, remembering, or applying information," "interacting with others," "concentration, persistence, and pace," and "adapting or managing oneself" despite her finding that he has "mild" limitations in these areas. According to the Plaintiff, the ALJ also did not explain why no mental function limitations were included in the RFC. The Court finds no basis for remand because, even if the ALJ erred as the Plaintiff argues, the error was not harmful.

The RFC is a measure of what an individual can do despite his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000–01 (7th Cir. 2004); 20 C.F.R. § 404.1545(a)(1). The "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The relevant evidence of the individual's ability to do work-related activities includes the claimant's medical history; medical signs and laboratory findings; the effects of treatment; reports of daily activities; lay evidence; recorded observations; medical source statements; the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment; evidence from attempts to work; need for a structured living environment; and work evaluations, if available. *Id.* at *5. The determination of a claimant's RFC is a legal decision rather than a medical one. *Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir.

2014) (citing 20 C.F.R. § 404.1527(d)). The Court considers the ALJ's treatment of the Plaintiff's mild mental functioning limitations.

The Plaintiff is correct in that the ALJ did not organize her discussion of the RFC with a section that articulates each of the mental functions. In fact, she did not articulate any in the RFC. However, "even if the ALJ's RFC assessment were flawed, any error was harmless." *Jozefyk*, 923 F.3d at 498 (citing *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011)). This is because, as argued by the Commissioner, it is unclear what work restrictions were necessary to address the Plaintiff's mild mental functioning limitations. *See id*. The Plaintiff points to no testimony or medical records about work restrictions related to "understanding, remembering, or applying information," "interacting with others," "concentration, persistence, and pace," or "adapting or managing oneself." *See id*. (finding no harmful error when "[the plaintiff] did not testify about restrictions in his capabilities related to concentration, persistence, or pace deficits, and the medical record [did] not support any"). This means that the Plaintiff has not pointed to any "evidence-based restrictions that the ALJ could include in a revised RFC finding on remand." *Id*.

Instead, the Plaintiff points to evidence of his symptoms of depression—worry, overwhelm, dysphoric mood, and anxiety—and evidence related to his ADHD—a change in ability to focus and stay on task, difficulty in completing projects, and easy distraction—that in his view would affect his ability to perform sedentary, semi-skilled work. However, the evidence cited by the Plaintiff does not indicate limitations greater than those assessed by the ALJ in the RFC.

The evidence cited by the Plaintiff shows that, in October and November 2022, Dr. Lisa Booth—the Plaintiff's physician—indeed documented the Plaintiff's depression and his reports of worry, dysphoric mood, and anxiety. *See* AR 901(10/4/2022), 903 (11/10/2022). However,

6

what the Plaintiff does not acknowledge is that Dr. Booth's treatment notes indicate that the Plaintiff's taking 10 mg of Lexapro daily for depression was making a "huge difference" and the anxiety was due to his not working. AR 899. And in March 2023, Dr. Booth's treatment notes indicate that the Plaintiff was noticing a difference in depressive symptoms from taking 10 mg of Lexapro daily. AR 897 (3/10/2023). Also, the treatment notes related to depression cited by the Plaintiff do not include any corresponding work restrictions. To the contrary, those treatment notes show that the Plaintiff's depression symptoms improved with medication over time to the point that he was functioning within the normal limits for mood and affect. *See* AR 897, 899, 1016.

The evidence cited by the Plaintiff related to his ADHD is similar. It shows that, in June 2023, Dr. Booth's treatment notes indicate that the Plaintiff had a history of ADHD and difficulty with staying on task and focusing, including not completing projects, leaving yard work and projects around the house unfinished, and being distracted. *See* AR 970. What the Plaintiff does not acknowledge is that Dr. Booth's treatment notes also indicate that those symptoms were the result of him now being retired and at home all day. *Id.* There is no indication that he experienced these symptoms in a work setting. *See id.* Also, Dr. Booth's July 2023 treatment notes indicate that the Plaintiff's Vyvanse dose for his ADHD increased to 30 mg daily, that he had no side effects from the increased dose, and that he was doing much better (noting improvement in his ability to concentrate and focus). AR 1016 (7/23/2023). And there is no indication in the treatment notes cited by that Plaintiff that he has any work restrictions related to his ADHD. *See* AR 970, 1016.

To the extent that the Plaintiff asserts a deficiency in mental functioning could result in work restrictions to unskilled work, simple instructions, occasional workplace changes, no production rate requirement, goal-oriented pace, or limited contact with the general public, he

does not point to testimony, medical records, or anything else in the record that would support these specific work restrictions for his depression or ADHD. *See Jozefyk*, 923 F.3d at 498.

Thus, the Plaintiff has failed to show that the ALJ committed a harmful error in the RFC assessment.

## CONCLUSION

For the reasons stated above, the Court DENIES the relief sought in the Plaintiff's Brief [ECF No. 13] and AFFIRMS the decision of the Commissioner of the Social Security Administration. The Court DIRECTS the Clerk of Court to ENTER JUDGMENT against the Plaintiff Mitchell C. Hagewood and in favor of the Commissioner of Social Security. The Plaintiff takes nothing by his Complaint.

SO ORDERED on June 20, 2025.

                                              s/ Theresa L. Springmann
                                              JUDGE THERESA L. SPRINGMANN
  &nbsn;                                           UNITED STATES DISTRICT COURT